## Staunton

### HILDA V. BRASWELL v. JOSEPH G. THOMAS.

September 10, 1952.

Record No. 3956.

Present, Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*Louis B. Fine* and *Howard I. Legum,* for the appellant.

*John Joseph Baecher* and *Louis Lee Guy,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

In August, 1950, Hilda V. Braswell filed in the court below a bill in equity against Joseph G. Thomas, praying for specific performance of a written contract dated July 24, 1950, whereby Thomas had agreed to sell to her, and she had agreed to buy from him, a certain house and lot in the city of Norfolk, at the price of $8,500, $50 of which had been paid in cash. The contract, filed as "Exhibit A" with the bill, showed on its face that it had been negotiated by Colin S. Parker, a real estate agent. It provided that "Possession is agreed to be given as soon as the above agent can secure a house for the vendor and get possession."

After issue had been joined and the evidence heard *ore tenus*, the trial court on November 24, 1950, entered a decree requiring the defendant, Thomas, upon receipt of the balance of the purchase price, to perform the contract and deliver to the complainant "a good and sufficient deed * * * with general warranty and the usual covenants of title." The decree further provided that possession of the property was to be given "pursuant to contract dated on the 24th day of July, 1950, and filed as Exhibit A" with the bill. Incorporated in the decree was this provision: "* * * leave is given the said complainant to apply to this court for such other relief in the premises as may be necessary."

On March 26, 1951, the complainant filed her petition which, after reciting the terms of the decree for specific performance, alleged:

"That the defendant in said deed retained possession by virtue of a contract dated July 24th, 1950;

"The defendant has arbitrarily refused to find another place within which to live and does not care when possession of the premises will be given your petitioner;

"In fact, the defendant has deliberately ignored every effort made by your petitioner and Colin S. Parker to get another place;

"Aside from the deliberate willfulness of the defendant and the arbitrary action, more than a reasonable time has elapsed, to wit, the 24th day of July, 1950, within which the defendant could obtain another place."

The prayer of the petition was that the defendant be required to vacate the premises and deliver possession to the petitioner.

After an *ore tenus* hearing the prayer of the petition was denied by decree entered March 29, 1951. Neither the evidence taken at the hearing, nor the court's reason for declining the relief prayed for, was incorporated in the record. No appeal was taken from that decree within four months.

On April 13, 1951, the complainant tendered to the court what is termed her "Amended Supplemental Petition." From a decree entered on the same day rejecting the petition, or refusing to permit it to be filed, the present appeal has been taken.

In her assignments of error and brief the complainant attacks both the decree of March 29, 1951, denying the relief prayed for in the original petition, and the decree of April 13, 1951, rejecting the amended supplemental petition.

At the time this petition for appeal was filed on August 10, 1951, the four months period within which the decree of March 29, 1951, was subject to attack on appeal had expired. (Code, § 8-463.) Hence, we are without jurisdiction to review that decree on this appeal.

The decree rejecting the amended supplemental petition is attacked on the ground that the lower court "erred in holding as a matter of law" that it was without jurisdiction to entertain the petition and grant the relief prayed for. The decree does not state why the amended supplemental petition was rejected, nor is there anything in the record to suggest that the court took the view that the provision in the decree giving the complainant leave to apply "for such other relief in the premises as may be necessary" was an insufficient reservation of the court's jurisdiction to entertain the petition. Compare Lile's Equity Pleading and Practice, 3d Ed., § 272, pp. 156, 157.

The amended supplemental petition, after repeating in substance the allegations of the original petition which we have recited, makes the further allegations that although the complainant had offered to pay the balance of the purchase price in conformity with the terms of the specific performance decree, "the defendant did not offer to comply with the said decree in giving to your complainant a general warranty deed, but, on the contrary, said deed of bargain and sale restricted possession of said premises with the defendant" and failed to give the complainant a "marketable title" to the property; and that the complainant was "ready, willing and able" to pay the balance of the purchase

price upon being tendered a "deed of bargain and sale with general warranty and the usual covenants of title." It was also alleged that the defendant had "arbitrarily refused to find" or "look for another place" in which to live.

The prayer of the petition was that the complainant "be permitted" to pay the balance of the purchase price "for a general warranty deed with the usual covenants of title, and that the defendant be required to vacate the premises."

Thus, it is seen that the purpose of the petition is not merely to require the defendant vendor to comply with the terms of the specific performance decree and deliver a deed drawn in accordance therewith. There is no allegation that the complainant is ready and willing to pay the balance of the purchase price and accept such a deed. On the contrary, the avowed purpose is to require the defendant vendor to deliver to the complainant vendee a deed with general warranty and the usual covenants of title, free of the restriction as to possession as is specified in the decree and contract. In other words, the petitioner seeks to obtain immediate possession of the premises by asking the court to require the defendant vendor to give her a deed differing materially from that specified in the decree.

Obviously, where, as here, the complainant vendee has prayed for and obtained a decree for specific performance of a contract, she cannot, under the guise of seeking the aid of the court to enforce the decree, ask for relief on terms which run counter to the provisions of the decree. She is bound by the decree which fixes the terms and specifications of the deed.

The allegation that the defendant vendor had arbitrarily retained possession of the property contrary to the spirit of the contract, was, without an averment of the circumstances, merely the pleader's conclusion. There is no allegation that the agent, who the parties agreed was to secure a house for the defendant vendor, had done so, or that any suitable property was available to the defendant vendor from any other source.

In short, the amended supplemental petition does not state a case which entitles the petitioner to the relief prayed for, and hence it was properly rejected by the lower court.

The decree appealed from is

*Affirmed.*