## Richmond

JULIAN F. ROSS, ET AL. v. COUNTY BOARD OF ARLINGTON COUNTY, VIRGINIA, ET AL.

June 13, 1955.

Record No. 5475.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Roy H. Halquist, L. Alton Denslow* and *Joseph O. Parker*, for the plaintiffs in error.

*William J. Hassan* and *David L. Carpenter*, for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

On October 6, 1953, the Arlington County Board of Zoning Appeals granted the request of Carroll Wright for a variance to a section of the zoning ordinances. The present appellants, who were petitioners in the court below, challenged the ruling, and on November 5, 1953, filed their petition with the clerk of the Circuit Court seeking a writ of certiorari and a restraining order. The

following day a copy of the petition, together with a subpoena in chancery, was served on all parties named as defendants except one, as to whom the return was made "not found". No question is raised as to the propriety of the service.

On January 29, 1954, an order was entered transferring the cause to the law side of the docket, and on February 15, 1954, the court granted certiorari.

On March 26, 1954, the attorney for the Commonwealth filed a motion to dismiss on the ground that the petition had not been "presented to the court" within thirty days, within the meaning of §§ 15-873 and 15-874, Code of Virginia, 1950. On May 7, 1954, the court sustained the motion to dismiss, from which decision we granted an appeal.

The assignments of error dealing with the propriety of the decision of the Board of Zoning Appeals permitting the variance were not passed upon by the lower court and therefore cannot be considered by us. *Shepherd v. Kress Box Co.*, 154 Va. 421, 153 S. E. 649; *Yukon Pocahontas Coal Co. v. Ratliff*, 175 Va. 366, 8 S. E. (2d) 303.

The sole question for our consideration is whether or not the petition was "presented to the court" within the meaning of the applicable Code sections (15-873 and 15-874).

It is conceded by appellees that the petition was filed in the clerk's office of the Circuit Court of Arlington County within the thirty-day period. They contend, however, that the filing in the clerk's office did not meet the statutory requirement that the petition shall be "presented to the court", and argue that methods of appeal, where prescribed by statute, are jurisdictional and must be strictly complied with. Citing *Braswell v. Thomas*, 194 Va. 39, 72 S. E. (2d) 336; *Avery v. County Board*, 192 Va. 329, 64 S. E. (2d) 767.

The applicable portion of § 15-873, Virginia Code, 1950, reads:

"Any person or persons, jointly or severally, aggrieved by any decision of the Board of Zoning Appeals, or any taxpayer, or any officer, department, board, or bureau of the county, may present to the circuit court of such county a petition, duly verified, and specifying the grounds on which he or they are aggrieved * * *. Such petition shall be *presented to the court* within thirty days after the filing of the decision in the office of the board." (Italics supplied)

Section 15-874 of the Virginia Code provides that upon presenta-

tion of such petition the court may allow a writ of certiorari directed to the board of zoning appeals, etc.

There appears to be no Virginia decision construing these sections or the meaning of the phrase "presented to the court". However, comparing the Virginia Code section (15-873) with section 179-b of the Consolidated Laws of New York, Chapter 64, we find that the New York statute provides in part:

"Any person or persons, jointly or severally, aggrieved by any decision of the board of appeals, or any officer, department, board or bureau of the village, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition must be *presented to the court* within thirty days after the filing of the decision in the office of the board.

"Upon the presentation of such petition, the court may allow a writ of certiorari directed to the board of appeals to review such decision * * *." (Italics supplied)

The wording of the Virginia and New York statutes is for all practical purposes identical. Both were evidently taken from the model "Standard State Zoning Enabling Act", which contains the provision "shall be presented to the court".

The New York statute was construed in *Barns v. Osborne, et al.*, 286 N. Y. 403, 36 N. E. (2d) 638, 639. The court there had under consideration that part of § 179-b which provides: "Such petition must be presented to the court within thirty days after the filing of the decision in the office of the board." The decision sought to be reviewed was dated July 27, 1940. The petition for review was filed on August 14, 1940, and was made returnable at the special term to be held on September 7, 1940.

On the return day of the petition a motion was made to dismiss on the ground that it had not been "presented to the court" within thirty days after the filing of the decision, as required by the provisions of § 179-b. The motion to dismiss was sustained and the decision was affirmed by the Appellate Division. The New York Court of Appeals, reversing the holding, said: "We think the petition was 'presented to the court' in the fair sense of section 179-b when (within the time limitation prescribed by that section) the jurisdiction of the court was invoked in accordance with the statutory provisions which regulate the practice respecting motions and orders."

The above ruling is in accord with our view.

Appellees cite the case of *Ballman* v. *Duffecy*, 230 Ind. 220, 102 N. E. (2d) 646, as authority to sustain their position. It will be seen from reading the opinion in that case that the Indiana court had under consideration section 53-785 of Burns' 1951 Replacement which involved a provision requiring the board of zoning appeals within twenty days from the date of citation to show cause why a writ of certiorari should not issue. Thus the ruling in the Indiana case is not applicable here.

Words and Phrases, Permanent Edition, Vol. 33, p. 450, dealing with the phrase "presented to the court", cites the case of *Rassieur* v. *Zimmer*, 249 Mo. 175, 155 S. W. 24, where it is said:

"A demand against a decedent's estate, otherwise sufficient, which, after proper notice to the administrator, was lodged with the clerk of the probate court and filed by him before the statutory two years had elapsed, was 'presented to the court' in the sense of the statute, from the date of the filing as required by Rev. St. 1909, sec. 195, Mo. St. Ann. sec. 187, p. 117, and is not barred."

*Barns* v. *Osborne, et al., supra,* is the only other case cited in Words and Phrases dealing with the subject, and it is referred to in the cumulative supplement to Volume 33. See also definition of "Court", 21 C. J. S., Courts, § 15(a), p. 29; 14 Am. Jur., Courts, § 2, pp. 247, 248.

Appellees argue that to interpret the phrase "presented to the court" as synonymous with "presented to the clerk" would impose "an unsurmountable burden" in their path "in that a petition for certiorari could conceivably lie in the clerk's office for many months before the applicant for the variance would be aware of it. Thus, he may have completed the proposed improvements under the assumption that no appeal from the board's decision has been taken * * *." Such an argument could apply to any proceeding required to be filed in a clerk's office, if we assume that the clerk will not do his duty and issue process thereon. In the instant case the party who secured the variance would be required to secure a building permit before proceeding with "the proposed improvements", and such a permit would hardly be issued in the face of a petition for certiorari.

We think a more logical argument is on the side of the appellants. Many Virginia judges have four or five counties in their circuits, and if a judge happened to be away from a county for more than

thirty days, as is often the case, the right would be denied a petitioner seeking the review of a zoning board's decision. However, the clerk's office, an integral adjunct of the court, is constantly available for the filing of such petitions.

We are of the opinion that the trial court erred in dismissing the appellants' petition as it was "presented to the court" in the fair sense of § 15-873 of the Virginia Code, 1950, within the thirty day limitation prescribed.

For the reasons stated the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*