STATE of Missouri ex rel. MONSEY–FEAGER/ROUSE–WAITES, Relator,

v.

The Honorable Thomas F. McGUIRE, Judge of the Twenty-Second Judicial Circuit of the State of Missouri, Respondent.

No. 58427.

Supreme Court of Missouri, En Banc.

May 13, 1974.

Rehearing Denied June 10, 1974.

Carroll J. Donohue, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for relator.

William M. Nicholls, Robert E. Ahrens, St. Louis, for respondent.

HENLEY, Judge.

This is an original proceeding in prohibition by which relator seeks to prohibit respondent from reviewing, by certiorari, a decision of the board of adjustment of the city of St. Louis affirming the grant of a building permit.

The background and basic facts are as follows.

On December 29, 1972, pursuant to an application therefor, the building commissioner of the city of St. Louis (hereinafter building commissioner) issued a permit authorizing Jefferson Savings and Loan Association, as the owner; Monsey-Feager/Rouse-Waites, as the general contractor (relator herein); and Richard C. Hafner, as the architect, to build a multistory apartment building at 4718–4720 South Broadway in St. Louis, to be known as the Riverbend Apartments.

Thereafter, Etha L. Walz and others, as aggrieved persons, appealed this action or decision of the building commissioner to the board of adjustment of the city of St. Louis (hereinafter the board) pursuant to the authority of § 89.100 [1] and, after a hearing, the board affirmed the decision of the building commissioner on February 2, 1973.

Twenty-six days later, on February 28, Etha L. Walz and others, as plaintiffs, filed a petition in the office of the clerk of the circuit court of the city of St. Louis pursuant to § 89.110 naming the board and others (including relator) as defendants, wherein plaintiffs sought a writ of certiorari to review the decision of the board. Copies of the petition for the writ were delivered to the defendants on the same day.

No action was taken in connection with the review sought until May 4, 1973, when plaintiffs filed an amended petition. Thereafter, on the same day, plaintiffs presented their petition to the court at which time respondent ordered the writ of certiorari to issue directed to the board and commanding it to certify to the court for review the record of all proceedings had before it in connection with this building permit. The writ was returnable May 17.

On May 14, before the return day, one of the defendants in the certiorari proceeding, the relator herein, filed a motion to quash the writ theretofore issued and to dismiss the petition, stating as grounds therefor that the court was without jurisdiction to issue the writ or review the proceedings, because the petition had not been presented to the court within thirty days after the decision of the board as required by § 89.110. On May 18 this motion was overruled and relator immediately sought relief resulting in the issuance of our provisional rule in prohibition on September 10, 1973.

To recapitulate and narrow the facts or events important to a decision of this case: (1) Etha L. Walz, et al., filed their petition for writ of certiorari and delivered copies thereof on February 28, 1973, within thirty days after the decision of the board; (2) Walz, et al., presented an amended petition for the writ to the respondent judge on May 4, 1973, ninety-one days after the decision of the board.

The sole question submitted for our consideration is whether or not the petition for writ of certiorari was, within the meaning of § 89.110, "presented to the [circuit] court within thirty days after the filing of the decision in the office of the board." If it was not, respondent exceeded his jurisdiction in issuing the writ and our provisional rule should be made absolute. If it was, our rule should be discharged. In Cohen v. Ennis, 318 S.W.2d 310, 314[1] (Mo. banc 1958), the court held mandatory and jurisdictional the requirement of § 89.-110 that the petition for certiorari to review the board's order " * * * be presented to the court within thirty days

---

1. References to sections of the statutes are to RSMo 1969 and V.A.M.S.

after the filing of the decision in the office of the board."

The question for decision has been narrowed by the parties to: what is meant by "presented" to the court in the context of this statute?[2]

Respondent contends that the requirement that the petition be "presented" to the court is satisfied by (1) the *filing* of the petition, and (2) *service* of notice thereof on opposing parties, both within thirty days of the decision of the board; that these two acts, filing and service, constituted "presentation,"[3] and, since this presentation was within thirty days, the court had jurisdiction to issue the writ and thereafter review the action of the board.

Relator contends and argues that the requirement that the petition be "presented" means what it says; that it says, in effect, that the petition, resting in the clerk's office, shall be shown or otherwise called to the attention of the court for the judge's examination, consideration and determination as to whether, based solely on its verified allegations, the writ shall issue and, if so, the date when the board shall be directed to make its return thereto and file a copy of the record of its proceedings; that the mere filing of the petition and service of notice thereof will not accomplish what the statute contemplates shall occur in order to secure the board's records for review, because, in practice, the judge will not know the writ is sought until the party seeking it calls the petition to his atten-

tion; that "presented" must mean more than filing or service or both, because the statute contemplates that " * * * the court may [or may not] allow a writ of certiorari directed to the board * * *," and unless and until it does order the writ issued the board is not required to certify its record to the circuit court, and without the record there can be no review.[4]

We have considered the authorities cited by the parties and other authorities, including Barns v. Osborne et al., 286 N.Y. 403, 36 N.E.2d 638 (1941); Ross et al. v. County Board of Arlington County, et al., 197 Va. 91, 87 S.E.2d 794 (1955) and Ballman v. Duffecy, 230 Ind. 220, 102 N.E.2d 646 (1952). The Barns, Ross and Ballman cases are the only decisions we have found directly in point. In the Barns case the New York Court of Appeals held that a petition timely *filed* was "presented to the court." In the Ross case the Virginia Supreme Court of Appeals referred to both the Barns case and the Ballman case and followed the Barns case. The statutes involved in the Barns and Ross cases and that in this case (§ 89.110), all apparently influenced by a model zoning law, are for all practical purposes identical. Distinguishing the Ballman case from its case and the Barns case on the basis of a difference between the Indiana statute and the New York and Virginia statutes, the Virginia court held that filing the petition with the clerk of the court met the requirement of the statute that it be "presented to the court."

2. Section 89.110 provides both the *method* of review and the *scope* of review of decisions of the board of adjustment of the city of St. Louis. As to *method*, this section provides that "Any person * * * aggrieved by any decision of the board * * * may present to the circuit court * * * a petition, duly verified, setting forth that such decision is illegal, * * * specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board * * * to review such decision of the board * * * and shall prescribe therein the time within which a return thereto

must be made and served upon the relator's attorney * * *."

3. In support of this position respondent cites: State ex rel. Shriners' Hospital v. Hensley, 385 S.W.2d 820 (Mo.App.1964) and Keys v. Keys' Estate, 217 Mo. 48, 116 S.W. 537 (1909).

4. In support of its position relator cites State ex rel. Shriners' Hospital v. Hensley, 385 S.W. 2d 820 (Mo.App.1964); State ex rel. Huskey v. Eversole, 117 S.W.2d 654 (Mo.App.1944); State ex rel. Weinhardt v. Ladue Professional Building, Inc., 395 S.W.2d 316 (Mo.App. 1965); State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 139 S.W.2d 958 (1940).

**452**

While a literal construction of § 89.110 would support relator's view, as it would have a contrary result in the New York and Virginia cases, we believe that the sounder, more reasonable, and less technical position is the one expressed by those courts. We hold that the filing of the petition for the writ of certiorari within thirty days invoked the jurisdiction of, and satisfied the requirement that the petition be "presented" to, the court. In this case delivery of a copy of the petition for the writ to interested parties was sufficient to put them on notice that action had been taken to secure review under § 89.110. And, even though the writ sought by the petition had not then been issued and served upon the board, relator and others as defendants, there is no reason why relator, knowing that review was being sought, could not have appeared and sought immediate action if determination of the issues was urgent.

Upon the issuance of the writ of certiorari it must be served upon the board of adjustment. While § 89.110 does not explicitly require service on any one other than the board, this court, en banc, in Hernreich v. Quinn, 350 Mo. 770, 168 S. W.2d 1054, 1059–1060 [8] (1943), held in construing that portion of § 7418, RSMo 1939 which is now § 89.110, RSMo 1969, that because under the statute the reviewing court is not confined to the record made before the board of adjustment and can hear further evidence and render a new judgment, due process requires that notice be given to all who were interested parties before the board and whose property interests are directly affected.

We have the view that, since its sole function is to direct the board to certify its record to the reviewing court, the writ, like an ordinary summons, should be issued by the clerk as of course immediately upon the filing of the verified petition, provided the petition does not seek a restraining order. It should then be served on the board, but need not be served upon those whose property interests are affected

where sufficient notice of the filing of the petition has been given previously to those persons. Where the petition seeks a restraining order, the clerk should immediately refer the petition to one of the judges of the court for determination as to whether such order shall be granted and, if granted, the writ should issue and it and the restraining order be served not only on the board but also upon all those who were interested parties before the board and whose property interests are directly affected. If the restraining order is not granted, the writ should issue and need be served only on the board where sufficient notice of the petition has been given previously to all interested persons.

The provisional rule is discharged.

All concur.