BOARD OF ZONING APPEALS, CITY OF TIPTON, Indiana, Appellant (Respondent Below),

v.

Lee HUNTER, Appellee (Petitioner Below).

No. 80A02–8803–CV–105.

Court of Appeals of Indiana, Second District.

Feb. 9, 1989.

Russell T. Clarke, Jr., Williams & Clarke, Indianapolis, D. Keith Kincaid, Pearce, Lett & Kincaid, Tipton, for appellant.

James W. Wilson, Bingham, Farrer & Wilson, Indianapolis, for appellees.

SHIELDS, Presiding Judge.

The Board of Zoning Appeals for the City of Tipton (BZA) appeals the Tipton Circuit Court's decision to reinstate a permanent mobile home permit issued to Lee Hunter (Hunter).

We reverse and remand with instructions to dismiss the proceeding.

### Issue

The BZA raises six issues on appeal but one is determative: whether the trial court erred in denying the BZA's motion to dismiss Hunter's petition for writ of certiorari because the petition lacks specificity and verification.

### FACTS

On October 19, 1984, Hunter filed a Writ of Certiorari Petition for Transcript of Record in the Tipton Circuit Court seeking judicial review of a decision of the BZA. The writ was initially denied by the court for want of jurisdiction. Hunter filed an amended petition on October 24, 1984. The BZA timely filed a Reply to Order to Show Cause and a Motion to Dismiss Petition for Writ of Certiorari. The motion to dismiss was denied. Following a trial on July 17, 1987, the circuit court entered judgment for Hunter and ordered his permanent mobile home permit reinstated.

### DECISION

The BZA claims Hunter failed to comply with the procedural requirements necessary for review of its determination and, therefore, the Tipton Circuit Court erred by not dismissing Hunter's petition. The BZA argues the petition is deficient because of lack of verification and specificity. We agree.

Once a board of zoning appeals has made a final determination an aggrieved person may seek review within the statutory limitations set out in IC 36–7–4–1003(a) (1988):

(a) Each decision of the board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality. No change of venue from the county in which the premises affected are located may be had in any cause arising under this section.

Hunter's amended petition reads as follows:

### AMENDED WRIT OF CERTIORARI PETITION FOR TRANSCRIPT OF RECORD

Comes now LEE HUNTER, by counsel ... respectfully petitions this Court to order the City of Tipton, by and through its Board of Zoning Appeals, to prepare a transcript of the entire record of any proceedings relative to the permanent mobile home permit of Lee Hunter on Lots 146 and 147 in the Second Central Addition to the City of Tipton, Indiana. Said notice should include minutes of any meetings wherein said item was discussed or voted upon.

The decision of the Board of Zoning Appeals of September 25, 1984, denying

the Appeal of Lee Hunter relative to the above matters forms the basis of this Appeal.

In addition to the above, the Petitioner requests this Court order said transcript to be certified and to be delivered to the Clerk of the Tipton Circuit Court with notice thereof to the Petitioner's attorneys.

Hunter's petition is not verified nor does it claim the BZA acted illegally.

In a proceeding for judicial review of an administrative determination, compliance with the statutory requirements for review is a condition precedent to jurisdiction. *State ex rel. Board of Zoning Appeals v. Superior Court* (1965), 246 Ind. 317, 204 N.E.2d 658; *see, e.g., Indiana Civil Rights Commission v. City of Muncie* (1984), Ind. App., 459 N.E.2d 411, 414 (judicial review of decision of Indiana Civil Rights Commission). Consequently, an unverified petition is subject to dismissal. *Kaminsky v. Medical Licensing Board* (1987), Ind.App., 511 N.E.2d 492, 497. Also, the failure to allege and specify the grounds of the illegality of the administrative board's decision in a verified petition for review results in a waiver of that issue. *Swingle v. State Employees' Appeal Commission* (1983), Ind.App., 452 N.E.2d 178, 180; *see Board of Zoning Appeals v. Waintrup* (1935), 99 Ind.App. 576, 193 N.E. 701.

The BZA correctly presented both of these failings to the circuit court before the writ of certiorari was issued. Furthermore, Hunter was notified of these procedural requirements when the circuit court denied his original petition. Therefore, because the BZA did not waive the defects contained in Hunter's amended petition, the Tipton Circuit Court erred in denying the BZA's motion to dismiss.

Judgment reversed and cause remanded with instructions to grant the motion to dismiss.

BUCHANAN and SULLIVAN, JJ., concur.