**KEIL CHEMICAL COMPANY, a Division of Ferro Corporation, Appellant–Plaintiff Below,**

v.

**COMMON COUNCIL OF the CITY OF HAMMOND, INDIANA; and The City of Hammond, Indiana, a Municipal Corporation, Appellees–Defendants Below.**

No. 45A03–9212–CV–420.

Court of Appeals of Indiana, Third District.

April 20, 1993.

Rehearing Denied July 20, 1993.

---

Debra Lynch Dubovich, Goodman Ball & Van Bokkelen, Highland, for appellant-plaintiff.

Richard P. Komyatte, Alfred R. Uzis, Komyatte & Freeland, P.C., Highland, for appellees-defendants.

STATON, Judge.

Keil Chemical Company ("Keil") appeals the dismissal of Keil's petition for writ of certiorari seeking review of a decision by the City of Hammond Board of Zoning Appeals ("BZA") and the Hammond Common Council. We are presented with two (restated) issues for this court's review:

I.  Whether dismissal was appropriate because Keil failed to comply with the jurisdictional requirements of IND.CODE 36–7–4–1003 and IND. CODE 36–7–4–1005.

II. Whether grounds for review alleged in the Petition for Writ of Certiorari, including violation of the Open Door Act and the unconstitutionality of a statute, survive dismissal of the Petition for insufficient verification, notice and presentment.

We affirm.

Keil Chemical Company was an unsuccessful use variance applicant before the BZA and the Hammond Common Council. On October 21, 1991, Keil filed a Petition for Writ of Certiorari in the Lake Superior Court, naming as respondents the Hammond Common Council and the City of Hammond (collectively "Hammond").

On February 18, 1992, Hammond filed a motion to dismiss for lack of jurisdiction and attached exhibits (documents from the Secretary of State). Keil filed a memorandum in opposition to dismissal and attached affidavits. Hearing was held on June 8, 1992; further affidavits were submitted.

On June 15, 1992, the trial court dismissed the petition for lack of presentment. The "Judgment of Dismissal" provided in pertinent part:

"This cause having been submitted to the Court on June 8, 1992, upon Respondents' Motion to Dismiss Petitioner's Petition for writ of certiorari, said Motion asserting that the Court lacks jurisdiction of the subject matter of this particular case in that the Petitioner failed to

strictly comply with requirements of applicable governing statutes, and the parties having appeared before the Court by their respective counsel, and the Court having heard and considered the arguments of counsel, examined its records and being otherwise duly advised in the premises finds:

1. That the said Petition was filed on or about the 21st day of October, 1991, which was within thirty (30) days after the date of the decision complained of therein;

2. That above and beyond the mere filing of said Petition, this Court has not been requested in any manner to issue any order or rule to show cause; or issue any writ; nor did this Court thereafter issue or enter any order whatsoever in this review proceeding, nor issue a writ of certiorari or fix a time for the return thereof; nor was any rule to show cause or writ of certiorari served upon Respondent Common Council or Respondent City of Hammond;

3. That the mere filing of the Petition does not relieve the Petitioner of properly presenting the Petition to the Court within the time prescribed by statute so that the mandatory and jurisdictional procedures set forth by statute may be followed;

4. That all prescribed time periods for complying with applicable statutory requirements have lapsed as a consequence of Petitioner's failure to bring its Petition to the Court's attention in a proper and timely manner;

5. That Petitioner failed to meet its burden of strict compliance with the statutory requirements for review of the complained of decision and Respondents' Motion should be sustained and granted."

Record, pp. 208–209.

Keil filed a motion to correct errors on July 6, 1992. On September 29, 1992, the trial court entered an order denying Keil's Motion to Correct Errors and granting Hammond's "Request to Cure Other Error." The court found that Hammond had shown additional deficiencies in Keil's petition with regard to verification and notice. This appeal ensued.

## I.

### *Jurisdictional Requirements*

I.C. 36–7–4–1003(a) provides in pertinent part:

"Each decision of the ... board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals or the legislative body may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality."

I.C. 36–7–4–1005 provides in pertinent part:

"On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the appeal in the office of the board of zoning appeals. An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner. If the record shows a written remonstrance or other document opposing the request of the petitioner and containing more than three [3] names, the petitioner shall have notice served on the three [3] property owners whose names appear first on the remonstrance or document."

Hammond successfully contended before the trial court that Keil's petition was not verified by a "person aggrieved," that notice was not provided to three landowners and that Keil failed to "present" to the trial court the petition for writ of certiorari.

The petition for writ of certiorari was verified by Robert Glaze, the general manager of Keil, a division of Ferro Corporation. Hammond contended before the trial court that the petition should have been verified by an executive officer or administrative officer of Ferro Corporation, such as the president, vice-president, secretary or treasurer. Ferro Corporation, rath-

er than Keil, is the entity having a corporate existence in Indiana which is authorized to do business in Indiana.

■ In a proceeding for judicial review of an administrative determination, compliance with the statutory requirements for review, such as verification, is a condition precedent to jurisdiction. *Board of Zoning Appeals, City of Tipton v. Hunter* (1989), Ind.App., 533 N.E.2d 1266, 1268. Record, pp. 153–54. Where a statute requires verification by a party, a corporation must be represented by its executive or administrative officers. *Community Care Centers v. Indiana Dept. of Public Welfare* (1984), Ind.App., 468 N.E.2d 602, 603, *reh. denied, trans. denied.* Here, the petition was not verified by an executive or administrative officer of Ferro Corporation, the actual "person aggrieved." Thus, the trial court properly found a lack of verification.

■ Affidavits produced at the hearing disclosed that Keil served notice upon four individuals (from a list of 50) who were not property owners; the first three named property owners were not served with notice as required by I.C. 36–7–4–1005. Adverse parties described in 36–7–4–1005(a) are necessary and indispensable to proceedings for judicial review of zoning board decisions. *Board of Zoning Appeals v. Guiff* (1990), Ind.App., 552 N.E.2d 519, 523. Strict compliance with this statute is required. *Id.* Keil did not contend that property owners were in fact served. Rather, Keil claimed a lack of responsibility for service on property owners (instead of other remonstrators) because the City of Hammond Clerk controlled the list.

However, there is no showing that the City Clerk withheld requested information.

The affidavit of Keil's paralegal, Beth Johnson, discloses that she inquired of the clerk as to the first "three names and addresses appearing on the list allegedly presented to the Council." Record, p. 169. The affidavit does not disclose the existence of any efforts to ascertain whether those three individuals were in fact property owners.[1] The requisite three property owners were not notified of the hearing in compliance with I.C. 36–7–4–1005; therefore, the trial court did not err in its finding of lack of notice.

■ Finally, Keil was required to "present" to the trial court its petition for writ of certiorari within 30 days after the BZA decision at issue. Upon presentment, the trial court must direct the BZA, within 20 days from the date of the petition, to show cause why a writ should not issue. I.C. 36–7–4–1003; IND.CODE 36–7–4–1006. Keil "filed" with the court the petition for writ of certiorari; the petition was stamped "Filed in Open Court." Hammond argued that this did not constitute "presentment."

I.C. 36–7–4–1003 does not define "present." Our supreme court, in *Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646, in construing a predecessor statute requiring "presentation" in zoning appeals, held that:

"[I]t is apparent that more than the mere filing of a petition for a writ of certiorari to review a decision of the board of zoning appeals is required. It is necessary under the statute that the petition not only be filed with the clerk, but it must be presented to the court within the thirty days prescribed by the statute, so that the order fixing the date to show cause and the time fixed for the return of the

1. In *Guiff,* this court specifically addressed the question: how far must a petitioner for writ of certiorari go to ensure that all adverse parties are identified and served with notice? The court stated: "Certainly, where a petitioner is apprised by a portion of a board of zoning appeals' record that an uncertainty exists regarding the identity or address of a person who otherwise qualifies as an adverse party, a reasonable attempt must be made to identify and locate that person. A petitioner for writ of certiorari cannot simply ignore the existence of an adverse party in light of that party's interest in the outcome of such proceedings. We conclude that, after a board of zoning appeals has met its burden of proving that a person meeting the definition of an adverse party was not served with notice of a petition for writ of certiorari, the petitioner must show by affidavit that he made a reasonable inquiry into the identity and location of that party. He must also show that said inquiry failed to produce the information necessary for him to meet the notice requirements of IC 36–7–4–1005(a). Of course, what constitutes a 'reasonable inquiry' varies on a case-by-case basis. However, an examination of the record itself ... is required." *Id.* at 523.

writ can be entered and the notice issued. This procedure is jurisdictional and mandatory."

230 Ind. at 228; 102 N.E.2d at 649.

More recently, courts of other jurisdictions have held that the term "present" in statutes similarly requiring presentation of a writ of certiorari by the person aggrieved by a zoning determination requires only filing with the clerk of the court. *Butcher v. City of Albuquerque* (1980), 95 N.M. 242, 620 P.2d 1267, 1269; *State ex rel. Monsey–Feager/Rouse–Waites v. McGuire* (1974), Mo., 510 S.W.2d 449, 451, *reh. denied.*

Nevertheless, it is clear from the record herein that Keil did more than merely file its petition with the clerk of the court. After a cause number was assigned by the clerk, the petition was filed in open court. Although we conclude that Keil fulfilled its statutory obligation to "present" its petition, inasmuch as the petition was "filed in open court," Keil's petition was nevertheless appropriately dismissed for lack of proper verification and notice.

## II.

### *Survival of Grounds for Review*

Keil argues that certain of its claims survive the dismissal of its petition for writ of certiorari. However, where there is a failure to comply with jurisdictional requirements embodied in a statute, a trial court does not acquire jurisdiction of the parties or the particular case. *Ballman, supra,* 230 Ind. at 229, 102 N.E.2d at 649; *Hunter, supra,* at 1268. The court has inherent power to order a dismissal of an action of which it has no jurisdiction. *Ballman, supra,* 230 Ind. at 229; 102 N.E.2d at 650. Keil's claims of unconstitutionality and violation of the Open Door law, advanced as grounds for review in the petition for writ of certiorari, do not survive the dismissal of the petition.

Affirmed.

GARRARD and MILLER, JJ., concur.