The BOARD OF ZONING APPEALS OF PORTER COUNTY, Indiana, James Robertson, Marvin Brickner, Robert Detert, Richard Hudson and Richard Burns, In their Capacity as Members of the Board of Zoning Appeals of Porter County, Indiana, and Porter County, Indiana, Appellants–Respondents,

and

P.R.O.U.D., Inc., The Members of P.R.O.U.D., Inc., Who are Too Numerous to Name; Donald Roeske, and Patrick Singleton, Appellants–Intervenors,

v.

LAKE COUNTY TRUST COMPANY as Trustee of Trust No. 5319, Appellee–Petitioner.

No. 64A03–0207–CV–217.

Court of Appeals of Indiana.

Feb. 19, 2003.

Lily M. Schaefer, Kopko Genetos & Retson LLP, Merrillville, IN, Attorney for Appellants the Board of Zoning Appeals of Porter County, Members of the BZA, and Porter County, Indiana.

Debra Lynch Dubovich, Levy & Dubovich, Highland, IN, Attorney for Appellants P.R.O.U.D., Inc., its members, and Donald Roeske, and Patrick Singleton.

Glenn C. Sechen, James R. Griffin, Schain, Burney, Ross & Citron, Ltd., Chicago, IL, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellants-respondents the Board of Zoning Appeals of Porter County, Indiana (BZA); James Robertson, Marvin Brickner, Robert Detert, Richard Hudson, and Richard Burns, in their capacity as members of the BZA; and Porter County, Indiana, (collectively, BZA) bring this interlocutory appeal of the trial court's order in favor of appellee-petitioner the Lake County Trust Company (Trust Company). Appellants–Intervenors P.R.O.U.D., Inc., its members, and Donald Roeske and Patrick Singleton (collectively, P.R.O.U.D.,

Inc.) join in this interlocutory appeal. We consolidate the issues brought before us and restate them as one issue: whether the Trust Company properly verified its petition for writ of certiorari. Concluding that the petition substantially complied with Trial Rule 11(B), and hence strictly complied with the certiorari review statute, we affirm and remand.

### FACTS

In early 2002, the Trust Company requested the BZA to grant it a special exception for development of a landfill. The BZA denied the request, prompting the Trust Company to file a petition for writ of certiorari with the Porter Superior Court. The Trust Company alleged in Count I of the petition that the BZA's decision was illegal and improper. It alleged in Count II that the BZA had denied the Trust Company's constitutional rights.

Two weeks later, the BZA filed a motion to dismiss the petition, claiming that the Trust Company had failed to properly verify it in accordance with Indiana Code section 36-7-4-1003(a). The BZA contended that (1) the verification improperly disclaimed any liability or responsibility for statements made in the petition; (2) the Trust Company's beneficiaries should have verified the petition, not an assistant trust officer; and (3) an improper verification deprived the trial court of jurisdiction over the dispute. P.R.O.U.D., Inc. filed a similar motion to dismiss. The trial court denied both motions and later certified the issue of proper verification for interlocutory appeal. The BZA and P.R.O.U.D., Inc. now bring this interlocutory appeal.[1]

### DISCUSSION AND DECISION

#### I. Standard of Review

This interlocutory appeal raises the issue of the proper interpretation of the

---

1. Because P.R.O.U.D., Inc. advances arguments almost identical to the BZA's, we refer to all of the appellants as the BZA throughout most of this opinion.

verified-petition requirement found in Indiana Code section 36–7–4–1003(a). When deciding questions of statutory interpretation, appellate courts need not defer to a trial court's interpretation of the statute's meaning. *Elmer Buchta Trucking, Inc. v. Stanley*, 744 N.E.2d 939, 942 (Ind.2001). Rather, we independently review the statute's meaning and apply it to the facts of the case under review. *Id.*

## II. Verification Required for Certiorari Review

■ The Indiana Code provides for judicial review of decisions made by a board of zoning appeals. Review is initiated by filing a verified petition for writ of certiorari:

> Each decision of ... the board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals ... may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality.

I.C. § 36–7–4–1003(a). In order for a reviewing court to acquire jurisdiction under Indiana Code section 36–7–4–1003(a), the petition must be verified. *Williams–Woodland Park Neighborhood Ass'n v. Bd. of Zoning Appeals*, 638 N.E.2d 1295, 1297–98 (Ind.Ct.App.1994). "The essential purpose of a verification is that the statements be made under penalty for perjury." *Austin v. Sanders*, 492 N.E.2d 8, 9 (Ind.1986).

■ Our supreme court has directed that Indiana Trial Rule 11(B) is the verification standard by which a petition "for review of the action of an administrative body" should be judged. *Id.* Indiana courts consider a board of zoning appeals an administrative body. *See, e.g., Metro. Bd. of Zoning Appeals v. Rumple*, 261 Ind. 214, 220, 301 N.E.2d 359, 363 (1973) (" 'It must be emphasized that the board, as an administrative body, presumably expert in the land use problems of its particular jurisdiction, has wide discretion in the granting or denying of zoning variances.' " (quoting *Metro. Bd. of Zoning Appeals v. Standard Life Ins. Co.*, 145 Ind.App. 363, 251 N.E.2d 60, 61 (1969))); *Evansville Outdoor Adver., Inc. v. Bd. of Zoning Appeals*, 757 N.E.2d 151, 158 (2001) (referring to the Board of Zoning Appeals of Evansville and Vanderburg County as an "administrative body"), *trans. denied.* In verifying a petition for certiorari review, according to Trial Rule 11(B), "it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in *substantially* the following language":

> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.
>
> (Signed)_____"

T.R. 11(B) (emphasis added). Trial Rule 11(B) complies with the Indiana Code language for verified pleadings. In a definition applicable "to the construction of all Indiana statutes," " 'Verified,' when applied to pleadings, means supported by oath or affirmation in writing." Indiana Code § 1–1–4–5.

■ Our supreme court emphasized in *Austin* that verification need only substantially comply with Trial Rule 11(B). 492 N.E.2d at 9. Indeed, Trial Rule 11(B) itself requires only that the verification be "in *substantially* the following language." (emphasis added). As Trial Rule 11(B) makes clear, the standard for "any civil or special statutory proceeding" is the same. No one argues that Indiana Code section 36–7–4–1003(a) somehow falls outside the category of a special statutory proceeding. So, contrary to the BZA's argument, certiorari review of a BZA's decision does not create a more stringent standard for veri-

fying a petition. Rather, strict compliance with the certiorari review statute requires only substantial compliance with Trial Rule 11(B).

### A. *No Signature* Immediately *Following Verification*

■ The BZA contends that the absence of a signature immediately following the petition's verification statement renders the verification a nullity. Instead of containing a signature, the line beneath the verification was stamped: "SEE SIGNATURE PAGE ATTACHED." BZA Appellants' App. p. 26. The verification appeared as follows:

### VERIFICATION

I affirm under penalties for perjury, that the foregoing representations in Count I are true and correct.

Lake County Trust Company as Trustee of Trust No. 5319

By: <u>SEE SIGNATURE PAGE ATTACHED</u>

BZA Appellants' App. p. 26. The attached signature page, which was the third page after the verification, was signed by Kathy L. Sebben. BZA Appellants' App. p. 29. Sebben signed as "Assistant Trust Officer." BZA Appellants' App. p. 29.

We think the attached signature page containing Sebben's signature substantially complies with Trial Rule 11(B) and hence complies with Indiana Code section 36–7–4–1003(a). First, the Trust Company's verification statement recites almost verbatim the format suggested by Trial Rule 11(B). Second, the Trust Company's verification statement clearly refers the judge to the attached signature page, where Sebben signed her name. One may reasonably infer that Sebben's signature indicates her affirmation, under penalty of perjury, that the petition's factual representations are true and correct.

### B. *Signature Page "Exculpatory" Material*

The BZA contends that such an inference is unreasonable because of the presence of what it terms "exculpatory" material on the signature page preceding Sebben's signature. BZA Appellants' Br. p. 8. For the sake of context, we include in their entirety the complained-of paragraphs preceding Sebben's signature on the attached signature page:

It is expressly understood and agreed by and between the parties hereto, anything herein to the contrary notwithstanding, that each and all of the warranties, indemnities, representations, covenants, undertakings and agreements herein made on the part of the Trustee while in form purporting to be the warranties, indemnities, representations, covenants, undertakings and agreements of said Trustee are nevertheless each and every one of them, made and intended not as personal warranties, indemnities, covenants, undertakings and agreements by the Trustee or for the purpose or with the intention of binding said Trustee personally but are made and intended for the purpose of binding only that portion of the trust property specifically described herein, and this instrument is executed and delivered by said Trustee not in its own right, but solely in the exercise of the powers conferred upon it as such Trustee; and that no personal liability or personal responsibility is assumed by nor shall at any time be asserted or enforceable against LAKE COUNTY TRUST COMPANY on account of this instrument or on account of any warranty, indemnity, representation, covenant, undertaking or agreement of the said Trustee in this instrument contained, either expressed

or implied, all such personal liability, if any, being expressly waived and released.

Nothing contained herein shall be construed as creating an liability [sic] on LAKE COUNTY TRUST COMPANY, personally under the provisions of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) or the Indiana Responsible Property Transfer Law (the Act) as amended from time to time or any other Federal, State, or local law, rule or regulation. LAKE COUNTY TRUST COMPANY personally is not a "Transferor or Transferee" under the Act and makes no representations concerning any possible environmental defects. In making any warranty herein the Trustee is relying solely on information furnished to it by the beneficiaries and not of its own knowledge and specifically exculpates itself from any liabilities, responsibilities or damages as a result of including any warranty in this instrument.

The information contained in this instrument has been furnished the undersigned by the beneficiaries under aforesaid Trust and the statements made therein are made solely in reliance thereon and no responsibility is assumed by the undersigned, in its [sic] individual capacity for the truth or accuracy of the facts herein stated.

BZA Appellants' App. p. 29.

The BZA admits in its brief on appeal that "the full page of exculpatory, boilerplate terminology" is "wholly unrelated to the facts contained in the Petition." BZA Appellants' Br. p. 8. We agree that the language is wholly unrelated to the facts contained in the petition. For this reason, we believe that Sebben did not disclaim any liability for perjury in the extraneous boilerplate text.

### C. Verification of the Entire Petition

In the alternative, the BZA argues that, even if the verification complies with Trial Rule 11(B), only Count I—not Count II—was verified. The verification statement directly follows Count I, which contains twenty-one paragraphs mostly setting forth the relevant facts. Count I ends with a request for a writ of certiorari followed by the verification. Count II contains only two paragraphs, on the other hand, the first of which incorporates by reference rhetorical paragraphs one through twenty. The second rhetorical paragraph alleges that the BZA violated the Trust Company's "equal protection of the laws [sic] and constitutional rights guaranteed under the 14th Amendment of the United States Constitution." BZA Appellants' App. p. 27.

As we noted above, "[t]he essential purpose of a verification is that the statements be made under penalty for perjury." *Austin*, 492 N.E.2d at 9. In Count I, the Trust Company affirmed "under the penalties for perjury" that the "foregoing representations" were "true and correct." BZA Appellants' App. p. 26. Those same representations were incorporated by reference into Count II. Count II only differed from Count I in that Count II alleged constitutional rights deprivations resulting from the same verified facts as alleged in Count I. The Trust Company was not required to verify the truth of its legal theory in Count II; courts perform that function. In short, the BZA has failed to show that the Trust Company did not substantially comply with Trial Rule 11(B).

### D. Verified by an Aggrieved Person

█ The final attack on the petition's verification is directed at the subscriber, Sebben, who signed as "Assistant Trust Officer." BZA Appellants' App. p. 29. P.R.O.U.D., Inc. maintains that Sebben was not an aggrieved party within the

meaning of the certiorari review statute. That statute requires that a verified petition be filed by an "aggrieved" person. I.C. § 36–7–4–1003(a). "Where a statute requires verification by a party, a corporation must be represented by its executive or administrative officers." *Keil Chem. Corp. v. Common Council,* 612 N.E.2d 209, 212 (Ind.Ct.App.1993), *trans. denied.*

P.R.O.U.D., Inc. contends that *Keil Chemical* requires verification by a corporation's " 'president, vice-president, secretary, or treasurer.' " P.R.O.U.D., Inc. Appellants' Br. p. 12 (quoting *Keil Chemical,* 612 N.E.2d at 211). This language must be put into its proper context. The *Keil Chemical* court found the verification improper because it was not signed by an executive or administrative officer of Ferro Corporation. *Keil Chemical,* 612 N.E.2d at 212. The aggrieved party, according to the court, was Ferro Corporation, which was the parent company of Keil Chemical. Thus, the signature of Keil Chemical's general manager was not the signature of an aggrieved party. *Id.*

In the instant case, however, the Trust Company is indisputably the aggrieved party. Moreover, Sebben signed as an "officer" of the trust. None of the appellants have produced any caselaw or made any argument that would disqualify Sebben from properly signing the verification as an assistant trust officer. We also find unconvincing the argument that Sebben must have personal knowledge of the facts to properly verify the petition. As our supreme court stated, a belief that a representation is true "may arise from personal observation, from sight or from sound, from information derived from others, or as the result of a logical conclusion from other known facts." *Austin,* 492 N.E.2d at. 10. Here, Sebben could have rested her belief that the representations were true on the basis of someone else's personal knowledge and reasonable inferences based on that personal knowledge.

## CONCLUSION

In sum, strict compliance with the certiorari review statute requires only substantial compliance with Trial Rule 11(B). The BZA has failed to show that the Trust Company did not substantially comply with Trial Rule 11(B). The attached signature page and extraneous boilerplate text did not remove the petition from substantial compliance. Moreover, the Trust Company did not fail to substantially comply with Trial Rule 11(B) when it neglected to verify the legal argument in Count II. Finally, the BZA has failed to show that Sebben was not qualified to verify the petition on behalf of the Trust Company.

Judgment affirmed and cause remanded.

RILEY, J., and MATHIAS, J., concur.