GOSSARD *v*. VAWTER.

[No. 27,199. Filed June 12, 1939.]

*Ryan & Ryan, Robison & Robison,* and *Cleon Wade Mount,* for appellant.

*Rochford & Rochford,* and *Gifford & Appleton,* for appellee.

SHAKE, J.—Appellant and appellee were candidates for the office of township trustee of Jefferson Township, Tipton County, at the general election held on November 8, 1938. The appellee was declared and

certified to have been elected, and on November 14th the appellant filed in the circuit court of the county his petition to contest said election and for a recount of the votes. The body of the appellant's petition began as follows:

"Comes now Garrett W. Gossard, contestor in the above captioned proceedings, who, being first duly sworn, upon his oath says:"

There followed the substantive allegations upon which the proceeding was based. The petition was signed by the appellant and beneath his signature appeared the following:

"Subscribed and sworn to before me this 12th day of November, 1938.

...........................................SEAL
                    Notary Public
My commission expires
January First, 1939."

On November 22nd the appellee filed a motion to reject and strike appellant's petition from the files and to abate the action upon the ground that the petition was not verified by the contestor, as required by law. On November 30th appellant filed an answer to the motion to strike and a petition to complete the jurat on his original petition, supported by the affidavit of the notary before whom the original petition was subscribed. In the affidavit said notary asked permission to complete the jurat by signing same as of November 12th. Thereafter, on December 12th, appellant filed an amended petition to complete the jurat, in which he set out that he did, in fact, sign said original petition and did swear to the same before said notary on November 12th, the form of oath administered being set out in full; that said notary placed his seal on said original petition at said time, but that by oversight and inadvertence he failed to attach his signature to said jurat. The matter

came on for hearing before the court on December 14th, at which time the appellant asked leave to offer evidence in support of his amended petition to complete the jurat. This leave was denied, and the court thereupon sustained appellee's motion to reject and strike out the petition, and rendered judgment against the appellant. Error is assigned upon the action of the court. in the overruling of appellant's amended petition to complete the jurat; the denial of his motion asking leave to submit evidence in support thereof; and in the sustaining of the motion of appellee to reject and strike out the original petition for contest and recount.

Appellant's petition to contest and for a recount was filed pursuant to the provisions of section ■ 29-2304 Burns' Supp. 1938, sec. 7431 Baldwin's 1934, which requires that:

". . . Such petition shall be verified by the contestor and shall be filed not more than ten (10) days after the Thursday next following such election."

It has been held that since an action of this character depends upon statutory affirmance, he who invokes it must, without the aid of any intendment, bring himself strictly within its spirit as well as its letter. *Martin* v. *Schulte* (1933), 204 Ind. 431, 182 N. E. 703. In the case of *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 199 N. E. 560, this court said (pp. 478, 479):

"It is conceded that the bond filed with the petition for contest was insufficient. The bond thereafter filed was not filed with the petition, and was filed two days after the time permitted by the statute. It follows that no jurisdiction was vested in the court to appoint a recount commission. . . . Since a proper undertaking was not filed with the petition for a contest, nor within the time provided by statute, appellee's motion to dismiss the petition for a recount was properly sustained.

\*　　\*　　\*

"The public has an interest in the speedy determination of controversies affecting elections, and provisions of the statute limiting the time within which steps may be taken are universally regarded as mandatory, and unless they are strictly complied with the court is without jurisdiction of the subject-matter."

The courts of this country are not entirely agreed as to the effect of the omission of a jurat upon an affidavit, but according to the majority view such omission ■ is not fatal to the validity of the affidavit, so long as it appears, either from the instrument itself or from evidence aliunde, that the affidavit was, in fact, duly sworn to before an authorized officer. 1 Am. Jur., p. 946; 13 L. R. A. 556 Ann.; 1 A. L. R. 1571 Ann.; 116 A. L. R. 587 Ann. If the general rule, as supported by the weight of authority, is applicable here, this cause should be reversed, because the appellant's original petition recited in the body thereof, above his signature, that he was first duly sworn, and the court denied his offer to introduce extrinsic evidence of that fact.

Without doing violence to the prevailing rule stated above, we are of the opinion that it can not be invoked in aid of the case at bar. This is a special statu- ■ tory proceeding. The act under which it was brought is specific as to what shall constitute a sufficient petition for a contest or recount. It requires that such petition shall be verified by the contestor. This means, as we understand it, that the petition shall not only be sworn to but that it shall also bear a jurat, that is, a certificate by the officer who administered the oath reciting that fact.

"Verification . . . includes both the actual swearing to the truth of the statements by the subscriber and also the certification thereto by the notary or other officer authorized by law to administer

oaths." In re James Passero & Sons (1933), 261 N. Y. S. 661, 663.

No self-serving recital in the body of the petition and no evidence, aliunde, could supply the requisite certification which was manifestly absent.

For another reason the appellant's application to amend the original petition by supplying the notary's signature to the jurat must be denied. The statute under which the proceeding was brought requires that such petition "shall be filed not more than ten (10) days after the Thursday next following such election." This is, in effect, a strict statute of limitations, and it must·be observed, or the court to whom the petition is addressed will acquire no jurisdiction. *Slinkard* v. *Hunter, supra.* The record discloses that appellant did not seek to have the jurat completed until after the time for instituting the action had expired. He could not, at that late hour, have dismissed the proceeding and filed a new petition. Nor do we think he was, at that time, entitled to amend his petition, which was admittedly bad, by supplying an essential feature required by the statute.

We have examined many authorities which remotely approach the problem with which we are here concerned. But the case which most nearly expresses the pertinent rule and presents sound reasoning to sustain it, is that of *McGillivray Bros.·* v. *Twp. of Barton* (1896), 96 Iowa 629, 65 N. W. 974. That was a case to establish a lien for materials furnished in the construction of a public school building. The statute required the materialman to file with the public officer through whom payment was to be made, an itemized and sworn statement of the demand within thirty days after furnishing the last portion of the material. The plaintiffs filed an itemized statement of their demand with the proper officer and in proper time, but there was

no jurat attached. It was admitted that the statement was, in fact, actually sworn to. The court considered the matter of allowing the statement' to be amended by adding a jurat, and made the following observation (p. 633) :

"There was no error in refusing to allow the amendment, because, if allowed, it could not affect the question as to whether the statement, when filed, was in compliance with the law. The liability of defendants to pay must be determined, so far as the statement was concerned, by what was filed within the thirty days after the last item of material was furnished. No statement subsequently filed could avail plaintiffs, and it is equally clear that, if an insufficient statement was filed within the thirty days, no amendment made thereto after the expiration of the thirty days could make it good and binding upon the defendant district."

We find no error in the proceedings of the court below.

Judgment affirmed.

Tremain, J., absent.