Maryland L. AUSTIN, Appellant
(Petitioner Below),

v.

Carlton E. SANDERS, Appellee
(Respondent Below).

No. 13S04–8604–CV–383.

Supreme Court of Indiana.

April 25, 1986.

Maryland L. Austin, pro se.

Edwin S. Sedwick, Sedwick & Sedwick, Jeffersonville, for appellee.

SHEPARD, Justice.

These parties were opponents in the 1984 election. After Carlton Sanders was declared the winner, Maryland Austin filed petitions seeking a recount and contesting the results. The trial court dismissed both petitions and the Court of Appeals affirmed by a divided vote in an unpublished opinion. Both courts concluded that dismissal was appropriate because Austin did not properly verify the information contained in her petitions. We grant transfer and reverse.

The statutes require that each of the petitions be verified. The recount statute provides that the "candidate desiring a recount of votes shall file a verified petition." Ind.Code § 3–1–27–3. The statute permitting an election contest specifies that the "petition shall be verified by the contestor." Ind.Code § 3–1–28–4. The meaning of these terms is not defined in Title 3. Ind.Code § 3–1–1–2. However, Ind.Code § 34–1–67–1 says: "The word, 'verified', when applied to pleadings, means supported by oath or affirmation in writing."

Both of Austin's petitions contain the same language, which she submits is adequate:

> I affirm under penalty of perjury that the statements in the foregoing Petition are true and correct to the best of my information and belief. [Signed] Maryland Lewis Austin

As a basis for this argument, Austin cites Ind.Rules of Procedure, Trial Rule 11(B), which provides:

> Verification by Affirmation of Representation. When in connection with any civil or *special statutory proceeding* it is

required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in *substantially* the following language:

> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true. (Signed) _____ "

Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit. [Emphasis added.]

Appellee cites *State ex rel. Hodges v. Kosciusko Circuit Court* (1980), 273 Ind. 101, 402 N.E.2d 1231, in which we said:

> This Court has held that "[v]erification ... includes both the actual swearing to the truth of the statements by the subscriber and also the certification thereto by the notary or other officer authorized by law to administer oaths." *Gossard v. Vawter,* (1939) 215 Ind. 581, 584–86, 21 N.E.2d 416, 417, quoting *In re James Passero & Sons,* (1933) 237 App.Div. 638, 216 N.Y.S. 661, 663.

*Hodges,* 273 Ind. at 104, 402 N.E.2d at 1233.

While this language was quite direct, it was also *dicta.* Harvey Dale Tucker and John Kleeman, the petitioners in *Hodges,* did not verify that the statements in their petition were true. The petitioner in the case cited in *Hodges,* Garrett Gossard, had not verified the truth of his petition in any way, sworn or unsworn. Under any definition of the word "verify" they were both eligible for dismissal.

The case at bar thus poses a question which was not before the Court in either *Hodges* or *Gossard:* has a party who verifies the truth of his petition in accordance with Trial Rule 11(B) successfully invoked the jurisdiction of the trial court or is he required to have his verification sworn before an officer authorized to administer oaths?

The essential purpose of a verification is that the statements be made under penalty or perjury. The Trial Rule permits this to be done in most situations, including "special statutory proceedings," without the aid of a notary or other officer authorized to administer oaths.

This purpose also sheds light on the issue raised by appellee concerning the form of the verification. He asserts that even if Austin was entitled to verify her petition in accordance with Trial Rule 11(B), she has not done so in language which conforms substantially with the form specified in the Rule; she verified that her petition was true "to the best of my information and belief."

■ Whether the allegations of a petition are sufficiently verified can depend in part upon how the facts themselves are stated. If the allegations are "couched in terms that are mere conclusionary statements, some of them hearsay, supported only by plaintiffs' statements that 'they believe' or as they 'verily believe,'" and the petition seeks an extraordinary remedy, such as appointment of a receiver without notice, the verification may be deemed inadequate. *Environmental Control Systems, Inc. v. Allison* (1974), 161 Ind.App. 148, 155, 314 N.E.2d 820, 824. Presumably, a party seeking such extraordinary relief without notice should be held accountable in perjury; if the words of his petition are so vague that an action in perjury could not be litigated, he has not adequately verified his petition.

On the other hand, where the request was for review of the action of an administrative body, a petition filed in which the Mayor of Muncie swore "as he is informed and verily believes" was held to comply substantially with Trial Rule 11(B). *Indiana Civil Rights Commission v. City of Muncie* (1984), Ind.App., 459 N.E.2d 411.

■ Austin's petitions stated facts which seem unlikely to be challenged, such as the fact that she had been a candidate in the election, that the respondent had been her opponent, that the office was voted

**10**

upon at various named precincts in Harrison County, that she believed impoundment of the ballots and voting materials was necessary. She also alleged that through either mistake or fraud the votes were not correctly counted and returned; without one of these allegations she would not have stated a cause of action under the statutes. It was, of course, the ultimate question involved in the proceeding.

When a petitioner seeking review of action by a governmental body alleges specific facts under penalty of perjury, we perceive no harm done by her indication that the allegations are true "to the best of her information and belief." "No statement can go beyond the belief of the party making it. That belief may arise from personal observation, from sight or from sound, from information derived from others, or as the result of a logical conclusion from other known facts." *Curry v. Baker, Governor* (1869), 31 Ind. 151, 155.

We conclude that Austin's petition was verified in substantial compliance with Trial Rule 11 and that she was entitled to seek a recount and contest the election. Accordingly, the judgment of the trial court is vacated and this cause is remanded for purposes of proceeding on Austin's petitions.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., dissents and would deny transfer.