George ADAMOVICH, Jr.,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 83A01–8803–CR–81.

Court of Appeals of Indiana,
First District.

Sept. 7, 1988.

Henry J. Antonini, Clinton, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Gary D. Secrest, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Adamovich appeals from conviction of Aiding, Inducing and Causing Theft, a class D felony.[1] We affirm.

## FACTS

On July 6, 1987, Adamovich, Darlene Hendrix, and another person were in the vicinity of an I.G.A. store in Clinton, Indiana. Inside the store, Darlene Hendrix grabbed another woman's purse and ran from the store with the woman in pursuit. Hendrix ran toward Adamovich who was standing by a corner of the I.G.A. building, and attempted to pass the purse to him as he tried to grab it from her. When two (2) men, responding to the victim's cries for help, apprehended Hendrix, Adamovich ran away from the scene. Hendrix later told police that the purse-snatching was part of a continuing enterprise by herself, Adamovich, and one other person.

On July 9, 1987, Adamovich was charged with Aiding, Inducing, or Causing another person to commit theft. Adamovich filed a Motion to Dismiss on July 17 alleging defects in the probable cause affidavit. The motion was overruled on August 17. On September 10, Adamovich filed a "Motion to Dismiss Charges I" wherein he alleged defects in the probable cause affidavits made the information invalid. On the same day he filed a "Motion to Dismiss II" which alleged the trial court had no jurisdiction over the case due to the defective affidavits and information. On September 11, the motions were overruled, and Adamovich was found guilty of Aiding, Inducing, and Causing Theft, a class D felony. Adamovich now appeals that conviction.

## ISSUES

Adamovich raises four (4) issues which we consolidate as follows:

1. Indiana Code sections 35–41–2–4 and 35–43–4–2.

Did the trial court properly overrule the motions to dismiss which challenged the validity of the probable cause affidavit and the information?

## DISCUSSION AND DECISION

■ Adamovich argues that the probable cause affidavit upon which the information was based was defective and therefore did not meet the requirements of Ind.Code section 35–33–5–2. Adamovich first argues that the affidavit fails because "no person" administered an oath to the affiant and no jurat was attached to the affidavit. We do not agree with Adamovich's argument. Ind.Rules of Procedure, Trial Rule 11(B) provides:

"When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:

'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

(signed) _____'

Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit."

Trial Rules are made applicable in criminal cases by Indiana Code section 35–35–2–2 which provides:

"In all criminal cases where no provision has been made in this title, the Indiana Rules of Trial Procedure govern. Where no procedure is provided by this title, the trial court may proceed in any manner consistent with applicable statutes or court rules."

The trial court, therefore, did not err in applying T.R. 11(B) to this case.[2] "The

2. We note that Ind.Code § 35–34–1–2.4 which took effect on July 1, 1988, eliminates the need

essential purpose of a verification is that the statements be made under penalty or [sic] perjury." *Austin v. Sanders* (1986), Ind., 492 N.E.2d 8, 9. The Trial Rule permits this to be done in most cases without the aid of a notary or other officer authorized to administer oaths. *Id.* In this case the Affidavit for Probable Cause stated:

"Bruce A. Stewart, having affirmed under the penalty of perjury, that on the 6th day of (month) July, 1987, at Clinton in Vermillion County, Indiana says ..."

"I affirm under the penalties for perjury, that the foregoing representations are true."

Record at 28–30. The affiant signed each page of the affidavit below the affirmation. We deem this sufficient to satisfy the verification requirements of I.C. § 35–33–5–2.

■ Even if the probable cause affidavit had been defective, the alleged defect would not constitute reversible error on appeal. Even where a probable cause affidavit is deemed deficient, the deficiency is not grounds for dismissal of an information. *State v. King* (1987), Ind.App., 502 N.E.2d 1366, 1369. The probable cause affidavit serves only to justify pre-trial detention of a defendant based on alleged facts reasonably believed to show the defendant committed the crime; the affidavit is not the means by which the defendant is charged. *Id.* We therefore look to the sufficiency of the information rather than the probable cause affidavit in this case.

■ Next, Adamovich argues that the information failed to meet the requirements of Ind.Code § 35–34–1–2(b)(2) which provides in pertinent part:

"An information shall be signed by the prosecuting attorney or his deputy and sworn to or affirmed by him or any other person."

Adamovich argues that the information is defective because, like the affidavit, it lacked a jurat or other evidence that it had been signed in conjunction with an oath administered by "a person". Again, we disagree with Adamovich's argument. The information contained the following statements:

"LARRY C. THOMAS, having affirmed under the penalty of perjury, says ..."

"I affirm under the penalties for perjury, that the foregoing representations are true."

Record at 27. The information was signed by Larry C. Thomas. In this case, the prosecutor's affirmation followed T.R. 11(B), applicable by virtue of Ind.Code § 35–35–2–2, and adequately complied with I.C. 35–34–1–2(b)(2). Thus, there was no error in the trial court's overruling of Adamovich's Motion to Dismiss Charges I.

■ Even if the information had been defective, Ind.Code § 35–34–1–4 requires that a motion to dismiss an indictment or information be made no later than twenty (20) days before the omnibus date if the defendant is charged with a felony. Adamovich was charged with a class D felony, and the omnibus date in his case was set for September 9, 1987. Adamovich first alleged the defective form of the affidavit and information in motions to dismiss filed on September 10, 1987. Because his challenge to the information was not timely filed, it is waived. *See Gibbs v. State* (1985), Ind., 483 N.E.2d 1365, 1366.

■ Adamovich also argues that the trial court erred in failing to make a probable cause determination as required by Ind. Code §§ 35–33–2–1(b) or 35–33–7–2. We

to apply T.R. 11(B) to criminal cases. I.C. § 35–34–1–2.4 provides:

"(a) If an indictment, information, pleading, motion, petition, probable cause affidavit, or other document is required to be verified or sworn under oath before it is submitted to the court in a criminal action, the document meets the requirements of the law as a sworn document if the following form or a substantially similar form is used:

I swear (affirm), under penalty of perjury as specified by IC 35–44–2–1, that the foregoing (the following) representations are true.
Signed _____

"(b) If a document complies with subsection (a), the swearing or affirming need not be done before a notary or other officer empowered to administer oaths.

"(c) A person who makes a false affirmation or verification under this section may be prosecuted under IC 35–44–2–1. [P.L. 181–1988, § 1.]"

fail to see a requirement in the statutes that the trial court make an order entry reading "probable cause determined to exist". While Adamovich is correct that the court must find probable cause before issuing a warrant, we find no authority for the position that the finding must be explicitly set forth in the court's order book. Here, the order book entry for July 9, 1987, contains the following entry:

> "Charging information and probable cause affidavit filed. Warrant issued and Bond set in the amount of _____. Initial hearing held. Plea of not guilty entered ..."

Record at 26. We accord the decision of the trial judge a presumption of regularity. *Hammons v. State* (1986), Ind., 496 N.E.2d 1284, 1285. Thus, we presume that based upon the probable cause affidavit and charging information, the trial court concluded that probable cause existed to arrest Adamovich and therefore issued the warrant. We have already discussed the validity of the affidavit, and the facts stated therein clearly support the trial court's finding of probable cause. We see no error in the omission from the order book of "magic words" signifying that probable cause was determined to exist.

Finally, Adamovich claims that the trial court erred in overruling his Motion to Dismiss II which challenged the court's jurisdiction to hear the case because it had not been instituted in a manner provided by law. Adamovich bases this claim on the alleged deficiencies in the affidavit and information. Because we find that the affidavit and information were valid, we also find that the trial court properly exercised jurisdiction over the case. Furthermore, because the alleged errors concerned solely matters of form, any error was cured by the verdict. We see no error in the trial court's disposition of Adamovich's motions to dismiss.

AFFIRMED.

ROBERTSON and MILLER, JJ., concur.