Charles E. BENTZ, Appellant–Plaintiff,

v.

Edwin B. JUDD, Jennings County Election Board, Sheriff of Jennings County, Bill Foist, in his capacity as Clerk of Courts, Jennings County, Indiana, Appellees–Defendants.

No. 40A04–9812–CV–627.

Court of Appeals of Indiana.

June 29, 1999.

Alan L. Marshall, McConnell & Finnerty, North Vernon, Indiana, Attorney for Appellant.

Michael L. Rogers, Rogers & Dove, North Vernon, Indiana, Attorney for Appellee.

**OPINION**

DARDEN, Judge

*STATEMENT OF THE CASE*

Charles E. Bentz appeals the dismissal of his petition seeking a recount and contesting the results of an election.

We affirm.

*FACTS*

Edwin B. Judd was declared the winner in the November 3, 1998, race for auditor of Jennings County. On November 9, 1998, Charles Bentz—the losing candidate—filed a petition in Jennings Circuit Court for a recount. His petition began,

"Comes now the Petitioner, Charles E. Bentz, being first duly sworn upon his oath says as follows. . . ."

(R. 9). On November 13, Judd moved the court to dismiss Bentz' petition because it was "neither verified nor notarized." (R. 24). The trial court granted the motion, holding that because the petition "was not properly

verified," the court had no jurisdiction. (R. 78).

## DECISION

The procedure for a recount of election votes "is a purely statutory proceeding," and as our supreme court has "said many times, one following a statutory proceeding must bring himself strictly within the terms thereof." *Marra v. Clapp*, 255 Ind. 97, 262 N.E.2d 630 (Ind.1970). By statute, a candidate seeking a recount "must file a verified petition" within seven days of election day. Ind.Code 3–12–6–2(a). Compliance with the verification requirement is necessary to invoke the subject matter jurisdiction of the trial court. *State ex rel. Young v. Noble Circuit Court*, 263 Ind. 353, 332 N.E.2d 99, 102 (Ind.1975). When the verification requirement is not complied with, the trial court lacks subject matter jurisdiction. *Id.*

As Bentz properly observes, the essential purpose of a verification is that the statements by the petitioner in the petition be made under penalties for perjury, citing *Board of Dental Examiners v. Judd*, 554 N.E.2d 829, 831 (Ind.Ct.App.1990). Bentz then refers us to *Austin v. Sanders*, 492 N.E.2d 8, (Ind.1986), wherein our supreme court found a petitioner's recount petition stating she "affirm[ed] under penalty of perjury that the statements in the foregoing Petition are true and correct" complied with Ind. Trial Rule 11(B) and constituted a proper verification.[1] However, Bentz' petition did not affirm under penalty of perjury his statements. Thus, his analysis of *Austin* is inapposite here.

Bentz then returns to *Board of Dental Examiners* and argues that the "nearly identical" language in his petition should suffice to establish verification for the purpose of subject matter jurisdiction as it did in that case. In *Board*, the Board of Dental Exam-

iners argued that Dr. Judd's petition for judicial review "was insufficiently verified, thereby denying the trial court jurisdiction." 554 N.E.2d at 829. Dr. Judd's petition stated, "Comes now James T. Judd, D.D.S. and being duly sworn upon his oath, alleges and says[.]" *Id.* We relied upon *Jaske v. State*, 539 N.E.2d 492, 495 (Ind.Ct.App.1989), *vacated on other grounds* 553 N.E.2d 181 (1990), wherein the petition stated, " 'Comes now the Defendant, Roger Allen Jaske . . . who, being first being (sic) duly sworn upon his oath, says[. ]' " *Id.* We noted that Jaske's petition was held to be "properly verified because 'Jaske swore his statement under oath administered by a notary.' " *Id.* (quoting *Jaske* at 494). We then concluded that "[l]ike the petitioner in *Jaske*, Judd's verification was sufficient to subject him to the penalties for perjury" and invoke the trial court's jurisdiction. *Id.* at 832.

Although the language in Bentz' petition is indeed very similar to that in Dr. Judd's petition, Bentz did not swear his statement under an oath administered by a notary. Bentz contends that *"Austin* clearly stated that a notary is not required." Bentz' Brief at 11. However, he does not quote such a statement from *Austin* for us, and we find the case to resolve precisely the issue stated:

> has a party who verifies the truth of his petition in accordance with Trial Rule 11(B) successfully invoked the jurisdiction of the trial court or is he required to have his verification sworn before an officer authorized to administer oaths?

492 N.E.2d at 9. *Austin* held that the petitioner who verified her petition in accordance with T.R. 11(B) had successfully invoked the jurisdiction of the trial court.

Moreover, *Austin* noted the question before it was unlike that in *Gossard v. Vawter*, 215 Ind. 581, 21 N.E.2d 416, 417 (1939), because Gossard "had not verified the truth of his petition in any way, sworn or un-

---

1. T.R. 11(B) provides as follows:

    When in connection with any . . . special statutory proceeding it is required that any . . . petition . . . be verified, . . . it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language: "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

    (Signed) _____ "

    Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.

sworn." 492 N.E.2d at 9. What Gossard in fact did was to begin his petition, " 'Comes now Garrett W. Gossard, ... who, being first duly sworn, upon his oath says[.]' " 21 N.E.2d at 416. However, the jurat of the notary was unsigned. Therefore, *Gossard* held that the petition was properly dismissed for lack of subject matter jurisdiction. Because the question considered differed, *Austin* left intact the holding of *Gossard.*

Bentz' petition did not affirm the truth of his representations pursuant to the language of T.R. 11(B). His representations "sworn upon his oath" were not made before a notary. Accordingly, the trial court did not err in dismissing his petition for lack of subject matter jurisdiction.

We affirm.

SHARPNACK, C.J., and ROBB, J., concur.