**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED
Feb 29 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES NEAL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1106-CR-262 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-0611-FA-212782

February 29, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Charles Neal appeals his classification as a sexually violent predator ("SVP") following his conviction for attempted child molesting as a class B felony.

We affirm.

## ISSUE

Whether Neal's classification as a SVP under the amended version of the sex offender registry statutes violates the ex post facto clause of the Indiana Constitution.

## FACTS

On November 6, 2006, the State charged Neal with attempted child molesting as a class A felony and child molesting as a class C felony. On August 10, 2007, Neal pleaded guilty to attempted child molesting as a class B felony. Pursuant to the terms of the plea agreement, the trial court sentenced Neal to fifteen years, with five years suspended, and three years on probation.

At some point, the Department of Correction ("the DOC") classified Neal as a sexually violent predator pursuant to Indiana Code section 35-38-1-7.5. In February 2011, Neal filed a Motion to Remove Sexually Violent Predator Status. At the hearing on the motion, Neal argued that the DOC is not authorized to classify an offender as a SVP because the classification is a retroactive punishment that overrides the lawful sentence imposed by the trial court. The trial court denied Neal's motion following the hearing.

Neal subsequently filed a Motion to Correct Errors wherein he again argued that the DOC lacks the authority to classify him as a SVP because the DOC's classification improperly overrides the trial court's lawful sentence. The trial court denied Neal's motion, and Neal appeals.

DECISION

Neal's sole argument on appeal is that his classification as a SVP under the amended version of the sex offender registry statutes violates the ex post facto clause of the Indiana Constitution. At the outset, we note that this is not the argument that Neal made to the trial court at the hearings on his motions to remove the sexually violent predator status and to correct error. Rather, at both hearings, Neal argued that the DOC does not have the authority to classify an offender as a SVP because the classification is a retroactive punishment that overrides the lawful sentence imposed by the trial court. This issue was decided against Neal in *Lemmon v. Harris,* 949 N.E.2d 803, 814 (Ind. 2011) (holding that the SVP determination need not be made by a trial court at sentencing and the DOC does not violate the separation of powers provision of the Indiana Constitution when it classifies an offender as a SVP).

Further, a party generally waives appellate review of an issue or argument unless the party raises that issue or argument before the trial court. *Benton Cnty. Remonstrators v. Bd. of Zoning Appeals of Benton Cnty.*, 905 N.E.2d 1090, 1096 (Ind. Ct. App. 2009). This rule is based on several fundamental considerations, including getting the trial court's views on the issues, giving the trial court the opportunity to correct any errors and

3

obviate the need for an appeal, and a concern that all facts bearing on issues that were not raised in the trial court may not be fully developed. *See Endres v. Ind. State Police*, 809 N.E.2d 320, 322 (Ind. 2004) (citing the advantages of preserving judicial resources, fully developing the record, using the trial court's fact finding expertise, and assuring that a claim is tested by the adversary process). Here, had Neal raised this issue at the two hearings, the parties would have had an opportunity to develop a record and provide the court with evidence. Neal cannot now raise this issue. He has waived it.

Waiver notwithstanding, we find no ex post facto violation. The ex post facto clause of the Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. art. I, § 24. In general, the ex post facto clause forbids imposing punishment for an act that was not otherwise punishable at the time it was committed or imposing additional punishment for an already prohibited act. *Harris*, 949 N.E.2d at 809. Underlying the Ex Post Facto Clause is the desire to give people fair warning of the conduct that will give rise to criminal penalties. *Id.*

We now turn to the Indiana Sex Offender Registration Act, which requires persons convicted of certain offenses to register with local law enforcement agencies and to disclose detailed personal information. In 1998, the term SVP first appeared in the Indiana Code. Indiana Code section 35-38-1-7.5 was enacted to govern the process by which an offender becomes a SVP. In 2007, Indiana Code section 35-38-1-7.5 was amended to clarify that certain convictions qualify an offender as a SVP "by operation of law." The statute was also amended to disallow a person with two unrelated convictions

4

for sex offenses to petition for removal of the SVP designation. *Flanders v. State*, 955 N.E.2d 732, 746 (Ind. Ct. App. 2011). The 2007 version of Indiana Code section 35-38-1-7.5 is the version currently in effect. This statute provides in relevant part as follows:

(a) As used in this section, "sexually violent predator" means a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense (as defined in IC 11-8-8-5.2). . . .

(b) A person who:

(1) being at least eighteen (18) years of age, commits an offense described in . . . (C) IC 35-42-4-3 as a Class A or Class B felony . . .

(2) commits a sex offense . . . while having a previous unrelated conviction for a sex offense for which the person is required to register as a sex or violent offender . . . .

(3) commits a sex offense . . . while having had a previous unrelated adjudication as a delinquent child for an act that would be a sex offense if committed by an adult, if, after considering expert testimony, a court finds by clear and convincing evidence that the person is likely to commit an additional sex offense; or

(4) commits a sex offense . . . while having had a previous unrelated adjudication as a delinquent child for an act that would be a sex offense if committed by an adult, if the person was required to register as a sex or violent offender under IC 11-8-8-5(b)(2);

is a sexually violent predator. Except as provided in subsection (g) or (h), a person is a sexually violent predator by operation of law if an offense committed by the person satisfies the conditions set forth in subdivision (1) or (2) and the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994.

\* \* \*

(e) If a person is not a sexually violent predator under subsection (b), the prosecuting attorney may request the court to conduct a hearing to determine whether the person . . . is a sexually violent predator under subsection (a). If the court grants the motion, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral

5

disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the two (2) psychologists or psychiatrists, the court shall determine whether the person is a sexually violent predator under subsection (a). A hearing conducted under this subsection may be combined with the person's sentencing hearing.

\*     \*     \*

(g)    This subsection does not apply to a person who has two (2) or more unrelated convictions for an offense described in IC 11-8-8-4.5 for which the person is required to register under IC 11-8-8. A person who is a sexually violent predator may petition the court to consider whether the person should no longer be considered a sexually violent predator. The person may file a petition under this subsection not earlier than ten (10) years after:

    (1) the sentencing court or juvenile court makes its determination under subsection (e); or
    (2) the person is released from incarceration or secure detention.

A person may file a petition under this subsection not more than one (1) time per year. A court may dismiss a petition filed under this subsection or conduct a hearing to determine if the person should no longer be considered a sexually violent predator. If the court conducts a hearing, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the (2) psychologists or psychiatrists, the court shall determine whether the person shall no longer be considered a sexually violent predator under subsection (a). If a court finds that the person should no longer be considered a sexually violent predator, the court shall send notice to the department of correction that the person is no longer considered a sexually violent predator. . . .

Here, Neal argues that his classification as a SVP under this amended version of Indiana Code section 35-38-1-7.5 violates the ex post facto clause of the Indiana Constitution because he is ineligible to petition for a change of status under subsection (g). Although cited by neither party, *Flanders*, 955 N.E.2d at 732, is instructive.

6

Therein, Flanders committed sexual misconduct with a minor in 2005. In 2007, he was sentenced to ten years in prison. At some point, the DOC informed him that he had been classified as a SVP. He qualified as a SVP under the 2007 amendments because he had two unrelated convictions for sex offenses. In 2009, Flanders filed a petition for post conviction relief wherein he argued that his classification as a SVP violated the ex post facto clause of the Indiana Constitution. The post conviction court denied the petition, and Flanders appealed.

This Court reviewed *Harris*, 949 N.E.2d at 803 and *Jensen v. State*, 905 N.E.2d 384 (Ind. 2009), two cases which established the analytical framework for the ex post facto issue. Specifically, we noted that in *Jensen*, the Indiana Supreme Court adopted the "intent-effects" test. *Flanders*, 955 N.E.2d at 749.

> Under this test the court must first determine whether the legislature meant the statute to establish civil proceedings. If the intention of the legislature was to impose punishment, then that ends the inquiry, because punishment results. If, however the court concludes the legislature intended a non-punitive regulatory scheme, then the court must further examine whether the statutory scheme is so punitive in effect as to negate that intention thereby transforming what was intended as a civil regulatory scheme into a criminal penalty.

*Id.* (quoting *Jensen*, 905 N.E.2d at 390) (citations omitted). We pointed out that the Court concluded there was no evidence of a punitive intent on the part of the legislature; therefore, the Court considered whether the registration act nevertheless has a punitive effect. *Id.*

7

We also noted that the Indiana Supreme Court adopted a seven-factor test: 1) whether the sanction involves an affirmative disability or restraint; 2) whether it has historically been regarded as punishment; 3) whether it comes into play only on a finding of scienter; 4) whether it promotes the traditional aims of punishment – retribution and deterrence; 5) whether the behavior to which it applies is already a crime; 6) whether it has a rational alternative purpose; and 7) whether it is excessive in relation to the alternative purpose. *Id.*

We noted that the supreme court found that the first three factors leaned in favor of finding the act punitive because it imposed additional obligations and burdens upon SVPs, such as registering for life and informing law enforcement if they will be away from their residences for more than seventy-two hours and was comparable to the historical punishment of shaming. *Id.* We also noted that the fourth, fifth, and sixth factors leaned in favor of finding the act non-punitive because the act promoted the traditional aims of punishment, applies to behavior that was already a crime, and promoted the rational alternative purpose of public safety. *Id.* As to the seventh factor, we quoted the following:

> The 'broad and sweeping' disclosure requirements were in place and applied to Jensen at the time of his guilty plea in 2000. Nothing in that regard was changed by the 2006 amendments. And with regard to lifetime registration, we note that sexually violent predators may, after ten years, 'petition the court to consider whether the person should no longer be considered a sexually violent predator.'

*Id.* at 749-50 (quoting *Jensen* at 394.).

8

Thus, we pointed out that the Indiana Supreme Court also concluded that the seventh factor leaned in favor of finding the act non-punitive and that this factor was afforded considerable weight when applying the seven-factor test. *Id.* at 750. We also pointed out that because four of the seven factors leaned in favor of finding the act non-punitive, the Indiana Supreme Court concluded that it was not an ex post facto law. *Id.*

We further noted that in *Harris*, our supreme court considered an ex post facto challenge to the 2007 amendments and again applied the seven-factor test. The analysis was substantially similar to the analysis in *Jensen*. As to the seventh factor, we noted that the supreme court explained as follows:

> Finally, and most importantly, as applied to Harris, the Act's requirements are not excessive in relation to its legitimate, regulatory purpose. Like Jensen, many of the Act's registration and disclosure requirements were in place and applied to Harris at the time he pled guilty to child molesting, well before the 2007 Amendment. Further, like the 2006 Amendment, the 2007 Amendment provides that in ten years from the date of his release from prison – the time frame in which Harris was originally required to register – he may petition the court 'to consider whether [he] should no longer be considered an [SVP],' Ind. Code § 35-38-1-7.5(g) (Supp. 2007). And, under the 2007 Amendment, the court at that point may determine if Harris presents a future threat – i.e., 'suffers from a mental abnormality or personality disorder that makes [him] likely to repeatedly commit a sex offense." I.C. § 35-38-1-7.5(a) – after consulting with two psychologists or psychiatrists who have expertise in criminal behavioral disorders. I.C. § 35-38-1-7.5(g). As we read the 2007 Amendment, if he is not a SVP under this standard, then he no longer has to register as one and his lifetime-registration requirement terminates. But if he is, then the Act requires him to continue to register; he can petition the court again to determine his SVP status in another year.
> It is clear that this provision of the 2007 Amendment advances the Act's legitimate regulatory purpose of public safety – by its terms, only those people who present a future threat are required to register for their lifetimes. Because of this provision allowing for an individualized

9

determination based on his likelihood to reoffend after his original ten-year registration requirement is up, the 2007 Amendment seems even less punitive as applied to Harris than as to Jensen under the 2006 Amendment.

*Id.* (quoting *Harris*, 949 N.E.2d at 812-13) (footnotes omitted).

We noted that Flanders's case is similar to *Harris* and *Jensen* as to the first six factors; three in favor of punitive and three in favor of non-punitive. *Id.* at 751. However, his case differed as to the seventh factor because Flanders could not petition the court to change his status because he had two unrelated convictions for sex offenses. *Id.* Thus, four of the seven factors, including the seventh factor that our supreme court accorded special weight, weighed in favor of finding the 2007 amendments punitive as applied to Flanders. *Id.* We therefore found an ex post facto violation. *Id.*

Although Flanders argued that the remedy for the ex post facto violation was to reverse his designation as a SVP, we disagreed. *Id.* at 752. The problematic provision was Indiana Code section 35-38-1-7.5(g), which made offenders with two or more unrelated convictions for sex offenses ineligible to petition the court for a change in status. We concluded that Flanders could be placed in the same position as offenders like Harris and Jensen by reinstating his right to petition the court for removal of his SVP status after ten years. *Id.* We therefore ordered that Flanders be allowed to petition for a change in status once a year after he had been registered for ten years. *Id.* at 753.

The facts in the case before us are more similar to those in *Jensen* and *Harris* than those in *Flanders*. Neal is a SVP by operation of law under Indiana Code section 35-38-1-7.5(b)(1) because he was convicted of child molesting as a class B felony. Indiana

Code section 35-38-1-7.5 clearly states that he can petition the court to consider whether he should no longer be considered a sexually violent predator ten years after he is released from incarceration. Only those defendants who have two or more unrelated convictions for an offense described in Indiana Code section 11-8-8-4.5 are ineligible to petition the court for a change in status. Because Neal can petition the court ten years after he is released from incarceration, we find no ex post facto violation. *See Harris*, 949 N.E.2d at 803, *Jensen*, 905 N. E.2d at 905.

Affirmed.

BAKER, J., and BAILEY, J., concur.