Bradford, Judge,
dissenting.
I respectfully disagree with the majority’s conclusion that M.L. adequately preserved his claim that Eskenazi presented insufficient evidence to support a special condition of his commitment, specifically, that he refrain from using alcohol or unauthorized drugs should he attain outpatient status. Consequently, I respectfully dissent.
“ ‘A party generally waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court.’” Benton Cty. Remonstrators v. Bd. of Zoning Appeals of Benton Cty., 905 N.E.2d 1090, 1096 (Ind. Ct. App. 2009) (quoting GKC Ind. Theatres, Inc. v. Elk Retail Inv’rs, LLC, 764 N.E.2d 647, 652 (Ind. Ct. App. 2002)). M.L. had ample opportunity to object to the imposition of the special condition but did not do so at the trial court level. If M.L. had objected, I believe it is near certain *226 that Eskenazi would have simply asked Dr. Patel if drugs’or alcohol could interfere with M.L.’s prescribed medications, and she would have answered in the affirmative. See Benton Cty. Remonstrators, 905 N.E.2d at 1096-97 (“Had the Remon-strators raised this issue at the trial court level, then the parties would have had an opportunity to develop a record and provide the court with evidence as to when the clerk mailed the panel. The Remon-strators cannot now raise such a fact-sensitive issue without raising it first before the trial court and giving the other parties an opportunity to address the issue and fully develop a record for appeal. Therefore, we conclude that the Remonstrators have waived this'argument.”). Because I would conclude that M.L. has waived any challenge he might have had to the imposition of the special condition, I would affirm the judgment of the trial court.